COPY

FILED

12 NOV 28 AM 11:50

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: ____

Ronald Wilcox, (SBN 176601)
Attorney at Law
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@post.harvard.edu

Andre L. Verdun (SBN 265436)
Attorney at Law
CROWLEY LAW GROUP
401 West "A" Street, Ste. 925
San Diego, CA 92101
Tel. (619) 238-5700
Fax. (866) 786-6993
AndreVerdun@CrowleyLawGroup.com

Attorneys for Plaintiff
JODIE JEWETT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JODIE JEWETT,** an individual,<br>Plaintiff,<br>vs.<br>**BISHOP, WHITE MARSHALL & WEIBEL, P.S.,** and **DOES 1-10**,<br>Defendant. | Case No.: CV12-10142 FFM<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiff, Jodie Jewett, alleges the following:

## INTRODUCTION

1. Bishop, White, Marshall & Weibel, P.S (BWM) is a debt collector that telephoned Jodie Jewett, a severely ill cancer patient, repeatedly and continuously despite her repeated demands for the calls to cease, her insistence that she could not pay the debt they were attempting to collect, and the fact Defendant knew she was represented by



Crowley Law Group

legal counsel. Defendant also filed suit against Jewett and attempted to move forward despite improper service of the summons and complaint.

2. Jodie Jewett is disabled, in poor health, and suffers from cancer.

3. Jewett suffered injury, including severe and substantial emotional distress, and actual damages, and physical injury, including not but limited to emotional distress, anxiety, tension, aggravation, headaches, nausea, loss of sleep, frustration, hand tremors, and shaking limbs.

4. Defendant engages in a business plan and practice of harassing consumers. *Kukuk v. Bishop, White, Marshall & Weibel, P.S*, 2:12-cv-05996-AJW (C.D. Cal. 2012) (FDCPA and RFDCPA violations for communicating with consumer after BWM knew that consumer was represented by counsel during litigation on the underlying debt collector case); *Dean v. Beneficial Financial I, Inc. and Bishop, White, Marshall & Weibel, P.S*, 5:11-cv-00244-VAP–DTB (C.D. Cal. 2011) (FDCPA and RFDCPA violations for communicating with consumer after BWM knew that consumer was represented by counsel during litigation on the underlying debt collector case); *Rodriquez v. Discover Bank and Bishop, White, Marshall & Weibel, P.S*, 11-cv-2155-BTM (S.D. Cal. 2011) (Taking action not legally allowed to take during debt collection efforts).

5. According to 15 U.S.C. §1692:

> (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy.**
>
> (b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> (c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
>
> (d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.



Crowley Law Group

(e) It is the purpose of the title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## PARTIES

6. Jodie Jewett ("Plaintiff") is, and at all times herein mentioned was, a natural person residing in the State of California, County of Ventura.

7. BWM is, and at all times herein mentioned was, a partnership which lawfully conducts business in the State of California.

8. BWM's principal purpose is the collection of debts, and regularly engages in the collection of debts through the mail, telephone and filing lawsuits throughout the State of California. BWM is a "debt collector" as that is defined by 15 U.S.C. 1692a and Civil Code 1788.2.

9. Defendant and defendants refer to all defendants, name and unnamed, as plaintiff alleges each are jointly and severally liable for the conduct alleged herein.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1-50 inclusive, are unknown to plaintiff who, therefore, sues said defendants by such fictitious names. Plaintiff will amend the complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes, and therefore alleges, that each of said defendants is responsible in some manner for the events and happenings, and proximately caused the injuries and damages, hereinafter alleged.

11. Plaintiff will file an amended complaint if the true names and capacities of the now unknown defendants, whether individual, corporate, associate, or otherwise become known to plaintiff.

## JURISDICTION

12. Jurisdiction of the court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.



Crowley Law Group

13. The action arises out of the defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act (TCPA), along with supplemental state claims.

14. Since defendants do business within California, there is personal jurisdiction.

**VENUE**

15. Venue is proper pursuant to 28 U.S.C. § 1391.

16. At all times relevant, the defendants conducted business within the State of California.

**FACTUAL ALLEGATIONS**

17. Plaintiff is "disabled" as that term is defined by Civil Code § 1761. Defendants were aware Plaintiff was disabled" and continued to contact JEWETT after being informed JEWETT was disabled, and discussed those facts with JEWETT's attorney.

18. In the last twelve months, JEWETT started receiving repeated an continuoius telephone calls daily from Defendant. In several telephone calls, JEWETT requested that the calls stop and told defendant she could not pay the debt.

19. Eventually, in order to get the calls to end, JEWETT agreed to get onto a direct electronic withdrawal payment plan with defendant. However, due to her illness JEWETT was no longer able to make the payments. She informed BWM that she could not make the payments and terminated the automatic payments.

20. Upon terminating the automatic payments, BWM commenced the unlawful debt collection calls. JEWETT informed BWM that she could not make payments and asked for the calls to end.

21. BWM then sued Jewett. However, BWM did not properly serve JEWETT.

22. JEWETT hired attorney Andre Verdun.

23. On or about July 9, 2012, JEWETT's attorney sent BWM a representation letter that notified BWM that JEWETT was represented by legal counsel and that service of process defective.



Crowley Law Group

24. BWM continued to contact JEWETT directly in violation of the demands in the representation letter that all contact be directed to JEWETT's attorney's office.

25. BWM also took default judgment against JEWETT. The default judgment violates the RFDCPA and the FDCPA because BWM took a default without effectuating proper service of process on JEWETT.

26. JEWETT, through her attorney, moved to set aside the default and quash service of the summons. The motion was properly served on BWM.

27. Jerry Yalon (YALON), attorney for BWM, contacted counsel for JEWETT. During that telephone conference, Yalon was told that JEWETT was ill with cancer, and he acknowledged that he was aware of that fact from the pleadings.

28. Yalon stated that the representation letter, which was an exhibit of the motion to set aside default and quash summons, was not in their file. He stated that it is possible that the document was misplaced as there were minor issues in recent days that they are trying to cure, but that his office would have contacted JEWETT's counsel had the letter been received.

29. After Yalon discussed the representation and illness of JEWETT's counsel with JEWETT, BWM continued to place debt collection calls to JEWETT. These calls were made after Yalon both acknowledged that BWM knew that JEWETT was ill and that she was represented by counsel.

30. Plaintiff eventually started logging the calls she would receive. The following is a sample of calls Plaintiff received from defendant on her cell phone, all except three of which were received after BWM was notified that plaintiff was represented by counsel:

a. June 28, 2012 12:41 PM 360-330-4227
b. June 28, 2012 2:01 PM 360-460-1844
c. June 14, 2012 11:24 AM 360-330-4215
d. July 20, 2012 9:24 AM 360-330-4231
e. July 20, 2012 9:40 AM 360-330-4231



CROWLEY LAW GROUP

f. July 30, 2012 12:36 PM (Sarah) 360-330-4237

g. August 27, 2012 12:34 PM 360-330-4227

h. September 27, 2012 2:45 PM 360-460-1927

i. September 8, 2012 10:36 AM 360-330-4227

j. October 8, 2012 2:14 PM 360-460-5570

k. October 11, 212 6:55 PM 360-460-5964

31. JEWETT received additional calls from Defendant.

32. The debt Defendant was attempting to collect was a consumer debt as defined by the federal and state Fair Debt Collection Practices Act (Title 15 USC 1692 et seq. and Cal. Civ. Code 1788 et seq.).

33. Defendant failed to cease and desist, and communicated with someone known to be represented by counsel.

34. Defendant engaged in conduct the natural consequence which was to abuse and harass, including making repeated and continuous calls.

35. Defendant failed to meaningfully identify itself.

36. Defendant telephoned Mrs. Jewett with such frequency that would be unreasonable under the circumstances.

37. Defendant engaged in false, deceptive and misleading practices in an attempt to collect a debt, including failing to disclose who was calling and the purpose of the call.

38. Defendant made false, deceptive and misleading statements in an attempt to collect a debt; and engaged in conduct it could not lawfully take.

39. Defendant engaged in unfair and unconscionable practices in an attempt to collect a debt, including using an automated dialing system, to place telephone calls to Plaintiff's cell phone, without JEWETT consent.

40. Defendant placed these telephone calls to JEWETT cellular phone without her consent.



Crowley Law Group

41. Defendant took default against JEWETT without effectuating proper service of process.

42. Telephone calls placed to Plaintiff's cellular phone were in violation to the TCPA.

**FIRST CAUSE OF ACTION - FDCPA**

43. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

44. Defendants' acts and omissions, and course of conduct as more fully described above constitute numerous and multiple violations of the FDCPA, 15 U.S.C. §1692 et seq., including but not limited to the violations: § 1692c, 1692d, 1692d(5), 1692d(6), 1692e, 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others.

45. As a result of Defendants' violations, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. §1692k et seq.

**SECOND CAUSE OF ACTION – ROSENTHAL FDCPA**

46. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

47. The foregoing acts and omissions by these Defendants with respect to Plaintiff in their attempts to collect a consumer debt from Plaintiff constitute numerous and multiple unfair, deceptive, misleading practices made unlawful pursuant to the California Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code §§ 1788-1788.32, including §§ 1788.11, 1788.11(b), 1788.11(d), 1788.11(e), 1788.15, and 1788.17.

48. Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.



Crowley Law Group

**THIRD CAUSE OF ACTION – INTRUSION UPON SECLUSION**

49. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

50. The foregoing acts of Defendants as described herein constitute an invasion of the Plaintiff's privacy and an intrusion upon her right of seclusion.

51. Plaintiff has a common law right to, and a reasonable expectation of privacy, her home, telephone, and place of employment, and in regard to her private affairs.

52. Defendants' abusive and improper collection practices in the collection of the debt constituted a substantial invasion upon Plaintiff's seclusion and privacy, and would be highly offensive to a reasonable person.

53. Defendants intended to cause emotional distress, and/or engaged in reckless disregard of the probability of causing Plaintiffs emotional distress.

54. As a proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be determined by proof and a finder of fact at trial.

55. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

**FOURTH CAUSE OF ACTION -**

**TELEPHONE CONSUMER PROTECTION ACT**

56. Plaintiff repeats, re-alleges and incorporates by reference all othe paragraphs.

57. At all times relevant to the complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

58. At all times relevant to the complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

59. The Defendant at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA U.S.C § 153(43).



CROWLEY LAW GROUP

60. The Defendant at all times relevant to the complaint herein engages in "interstate" communications" by the TCPA U.S.C. § 153(22).

61. At all times relevant to the complaint, the Cross-Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

62. At all times relevant to the complaint, the Cross-Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200 (f) (1).

63. Defendants violated the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone a cellular phone, without Plaintiff's consent.

64. Defendants' violations were willful and knowing.

65. As a result of these violations of the TCPA, Defendants are liable to Plaintiff for statutory damages, including treble damages.

66. Defendants engaged in willful and knowing violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A).

67. Defendants used an automated dialing system and pre-recorded messages to telephone Plaintiff's cellular telephone, without her consent.

68. Defendants' acts were willful, intentional and knowing.

69. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

70. Plaintiff is entitled to recover actual and punitive damages.

## FIFTH CAUSE OF ACTION - NEGLIGENCE

71. Plaintiff repeats, re-allege, and incorporates by reference all of the paragraphs above as more fully stated herein.

72. Defendant's outrageous, abusive and intrusive acts as described herein constituted negligence.



Crowley Law Group

73. Defendant negligently inflicted emotional distress.

74. Defendant breached a duty imposed by law and contract.

75. Defendant owed Plaintiff a duty to refrain from unlawful debt collections (California Civil Code §1788 et seq.) and unlawful telephone conduct (Penal Code §653m and 47 U.S.C. §227(b)(1)(A)).

76. The breach of such duty proximately caused injury to Plaintiff.

77. The injury resulted from an occurrence the nature of which these statutes were designed to protect Plaintiff from.

78. Plaintiff is a member of the class of persons the statute was designed to protect.

79. Defendants' conduct, as described herein, was wrongful conduct in that the Defendants conducted their business in an abusive, oppressive, and harassing manner.

80. Defendants' wrongful conduct as described herein actually and proximately caused the Plaintiff severe and serious emotional distress in that the Defendants wrongful conduct has caused harm as described above.

81. It is clearly foreseeable that Defendant's actions as described herein could cause harm, including severe and serious emotional distress.

82. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial. Defendant's wrongful conduct as described herein actually and proximately caused the Plaintiff's harm as noted above

83. Defendant acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial. Defendant acted in a



Crowley Law Group

despicable manner and acted with a conscious disregard to the rights of Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Statutory and actual damages pursuant to 15 U.S.C. § 1692k

B. Statutory and actual damages pursuant to California Civil Code § 1788.17 and 1788.30.

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, California Civil Code § 1788.17 and Civil Code § 1788.30.

D. Actual and punitive damages.

E. Treble damages under Civil Code §3345.

F. Award statutory damages in the amount of $500.00 for each violation of the TCPA against all of the Defendants, and/or treble damages for each willful or knowing violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

G. For such other and further relief as may just and proper.

Dated: **November 27, 2012**

Andre Verdun
Attorney for Plaintiff, Jodie Jewett

**DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiff, Jodie Jewett, by and through her attorneys, Ronald Wilcox and Andre L. Verdun, and hereby demands a trial by jury in the above-captioned matter.

Dated: **November 27, 2012**

Andre Verdun
Attorney for Plaintiff, Jodie Jewett



Crowley Law Group

AO 440 (Rev. 06/12) Summons in a Civil Action




# UNITED STATES DISTRICT COURT

for the

Central District of California

Jodie Jewett, an individual

*Plaintiff(s)*

v.

BISHOP, WHITE MARSHALL & WEIBEL, P.S., and DOES 1-10

*Defendant(s)*

Civil Action No. CV12-10142 FFM

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* BISHOP, WHITE MARSHALL & WEIBEL, P.S., 720 Olive Way Seattle, WA 98101

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Ronald Wilcox ESQ 1900 The Alameda, Suite 530 San Jose, CA 95126 Tel: (408) 296-0400;

Andre L. Verdun ESQ 401 West A Street, Ste 925, San Diego, CA 92101 (619) 238-5700

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: NOV 28 2012

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

COPY

# UNITED STATES DISTRICT COURT

for the

Central District of California

Jodie Jewett, an individual

*Plaintiff(s)*

v.

BISHOP, WHITE MARSHALL & WEIBEL, P.S., and DOES 1-10

*Defendant(s)*

Civil Action No. CV12-10142 FFM

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* BISHOP, WHITE MARSHALL & WEIBEL, P.S., 720 Olive Way Seattle, WA 98101

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Ronald Wilcox ESQ 1900 The Alameda, Suite 530 San Jose, CA 95126 Tel: (408) 296-0400;

Andre L. Verdun ESQ 401 West A Street, Ste 925, San Diego, CA 92101 (619) 238-5700

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: NOV 2 8 2012

JULIE PRADO

*Signature of Clerk or Deputy Clerk*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

COPY

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Jodie Jewett

**DEFENDANTS**
BISHOP, WHITE MARSHALL & WEIBEL, P.S., and DOES 1-10

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Ronald Wilcox ESQ 1900 The Alameda, Suite 530 San Jose, CA 95126 Tel: (408) 296-0400; and, Andre L. Verdun ESQ 401 West A Street, Ste 925, San Diego, CA 92101 (619) 238-5700

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES -** For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☑ **MONEY DEMANDED IN COMPLAINT:** $ PROOF

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Title 15 U.S.C. § 1692, Title 47 U.S.C. § 227

**VII. NATURE OF SUIT (Place an X in one box only.)**

☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☑ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

CV12-10142

**FOR OFFICE USE ONLY:** Case Number: ________________________.

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| George Golden resides in Ventura County, California | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | State of Washington |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County, California | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** 11/27/2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |