UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#22

CIVIL MINUTES - GENERAL

| Case No. | CV 12-10142 PSG (MRWx) | Date | February 25, 2013 |
|---|---|---|---|
| Title | *Jodie Jewett v. Bishop, White Marshall & Weibel, P.S., et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order GRANTING *Ex Parte* Motion to Substitute James Jewett, the Sole Distributee of Jodie Jewett's Estate, as Plaintiff**

Before this Court is an *Ex Parte* Motion to Substitute James Jewett, the sole distributee of Jodie Jewett's Estate, as Plaintiff. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); Local R. 7-15. Based on the motion, opposition, and reply, the Court GRANTS the motion.

I.      Background

Jodie Jewett (the "Decedent") filed a Complaint on November 28, 2012, alleging that Defendant Bishop, White Marshall & Weibel, P.S. ("Defendant") violated the Fair Debt Collection Practices Act ("FDCPA"), Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and Telephone Consumer Protection Act ("TCPA"); and that Defendant was liable for intrusion upon seclusion and negligence. *Compl.* ¶¶ 43-88. Defendant filed an Answer to the Complaint on February 1, 2013. Dkt. # 20. The Decedent passed away on February 2, 2013. *Mot.* 2:24.

The Decedent's attorney, Andre Verdun, filed this motion to substitute James Jewett ("Mr. Jewett"), the sole distributee of the Decedent's estate, as plaintiff. Mr. Jewett attached a declaration indicating that he is the sole distributee of the Decedent's estate and requests to be substituted as the plaintiff in this matter. *See Jewett Decl.*, ¶¶ 1, 3. Defendant has opposed the motion only to the extent that James Jewett is substituted in his individual capacity. *Opp.* 2:8-11. Defendant does not object to James Jewett being substituted as a representative of the estate but objects to Mr. Jewett being substituted as a Plaintiff. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#22

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10142 PSG (MRWx) | Date | February 25, 2013 |
|---|---|---|---|
| Title | *Jodie Jewett v. Bishop, White Marshall & Weibel, P.S., et al.* | | |

II.  Discussion

    A.  Compliance with Local Rules

Under Local Rule 6-1, "every motion shall be presented by written notice of motion." L.R. 6-1. Here, Mr. Verdun failed to notice the motion. Mr. Verdun also failed to "advise the Court in writing and *under oath* of efforts to contact other counsel and whether any counsel, after such advice, opposes the application." L.R. 7-19.1 (emphasis added). Additionally, Mr. Verdun failed to file a proposed order. L.R. 7-20. Counsel is advised that strict compliance with the Local Rules is required and counsel is expected to adhere to the Local Rules in the future.

    B.  *Ex Parte* Relief

*Ex parte* applications in the Central District are governed by the procedural requirements of the Local Rules, as well as the substantive standards set forth in *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (holding that a party requesting *ex parte* relief must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect).

Mr. Verdun alleges that *ex parte* relief is warranted because Decedent's substituted representative, if any, must file its amended complaint within 21 days of Defendant's responsive pleading, which it cannot do if the Court does not substitute a plaintiff. *See* Fed. R. Civ. P 15(a). Under the 2009 Amendment to the Federal Rules of Civil Procedure, the right to amend once as a matter of course is no longer terminated by service of a responsive pleading. A party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Here, Defendant served its Answer on February 2, 2013. Accordingly, an amended Complaint would be due by February 23, 2013. Thus, *ex parte* relief is proper because Decedent's substituted representative would potentially be prejudiced if unable to serve an amended Complaint, and Decedent's substituted representative is without fault in creating the crisis that requires *ex parte* relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#22

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10142 PSG (MRWx) | Date | February 25, 2013 |
|---|---|---|---|
| Title | *Jodie Jewett v. Bishop, White Marshall & Weibel, P.S., et al.* | | |

C. Motion to Substitute

Mr. Verdun brings this Motion seeking to substitute Mr. Jewett for the Decedent. Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Thus, in deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party. *Veliz v. Cintas Corp.*, No. C 03-1180 RS, 2008 WL 2811171, *1 (N.D. Cal. July 17, 2008).

The motion to substitute is timely. Before a statement of death becomes effective, certain procedural rituals must be observed. *See* Fed. R. Civ. P. 25(a)(1). Specifically, Rule 25(a)(1) "requires two affirmative steps to trigger the running of the 90 day period." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). The first step is to formally suggest the death of the party upon the record. *Id.* The second step is to serve other parties and nonparty successors or representatives of the deceased with a statement of death in the same manner as required for service of the motion to substitute. *Id.*

While there is no formal statement of death on the record in this case, the policy behind the Rule 25 requirement that nonparties be served with a suggestion of death is for the protection of interested parties who may otherwise be unaware of the need to preserve the decedent's claims. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Here, Mr. Jewett is aware of the Decedent's passing. Other courts have recognized that where a decedent's successor-in-interest files a motion to substitute on his behalf, the 90 day period begins to run at that time. *Schalow v. San Bernadino County*, 191 F.3d 461, 462 (9th Cir. 1999). Accordingly, the ninety day period has not yet expired, which neither party disputes.

Also, the claims pleaded are not extinguished. The Decedent asserted claims under the FDCPA, RFDCPA, and TCPA. She also asserted claims for intrusion upon seclusion and negligence. The Ninth Circuit has recognized that claims under the FDCPA survive the plaintiff. *Cruz Int'l Collection Corp.*, 673 F.3d 991, 996 (9th Cir. 2012) (issuing an order regarding the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#22

CIVIL MINUTES - GENERAL

| Case No. | CV 12-10142 PSG (MRWx) | Date | February 25, 2013 |
|---|---|---|---|
| Title | *Jodie Jewett v. Bishop, White Marshall & Weibel, P.S., et al.* | | |

FDCPA after plaintiff was substituted). Having determined that at least one of Decedent's claims survives her death, Rule 25(a)(1) is applicable. Defendant objects to Mr. Verdun's Reply brief on the basis that Mr. Verdun raised for the first time in the Reply papers that the Decedent's claims survive her. However, because Mr. Verdun argued in the Motion that substitution under Rule 25 was proper and Defendant criticized the motion to substitute for failing to show that the claims survived the Decedent, the Court finds *Cruz* helpful. Defendant had the opportunity to explain in its Opposition that the requirements for Rule 25 were not met. Instead of citing authority to show that the claims do not survive the Decedent, Defendant summarily argued that this type of inquiry cannot be resolved with an *ex parte* motion.

Finally, Mr. Jewett is a proper party for substitution. Rule 25(a)(1) only requires that Plaintiff provide evidence that Mr. Jewett is decedent's successor in interest or legal representative. *See Hilao v. Estate of Marcos,* 103 F.3d 762, 766 (9th Cir. 1996) (applying 25(a)(1) to the legal representatives of the deceased's estate); *Mallonee v. Fahey,* 200 F.2d 918, 919 (9th Cir. 1952) ( "It is plain ... that Rule 25(a)(1) applies only to the substitution of legal representatives. That is not only clear from its history; it is implicit in the wording of the provision and in the cases construing it." (footnote omitted)). Defendant argues that Mr. Jewett is not a "legal representative"; however, Mr. Jewett submitted a declaration establishing that he is the sole distributee of Decedent's estate. *Jewett Decl.* ¶ 3. Mr. Jewett is, therefore, the proper substituted party. *See Hardy v. Kaszycki & Sons Contractors, Inc.*, 842 F. Supp. 713, 716 (S.D.N.Y. 1993) (citation omitted) (substitution is proper where one alleges to be the sole distributee of the decedent's estate).

Accordingly, because the Decedent's FDCPA claim survives her death and because the sole distributee of Decedent's estate, Mr. Jewett, has met the requirements of Rule 25(a), the Court grants the motion for substitution. As a substituted party, Mr. Jewett "steps into the same position as the original party." *Hilao*, 103 F.3d at 766.

IV. Conclusion

For the foregoing reasons, the Court GRANTS the Motion to Substitute. Although the deadline to amend the Complaint has passed, given Plaintiff's efforts to timely amend the complaint, the Court grants Plaintiff leave until **March 18, 2013**, to amend the complaint.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#22**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10142 PSG (MRWx) | Date | February 25, 2013 |
|---|---|---|---|
| Title | *Jodie Jewett v. Bishop, White Marshall & Weibel, P.S., et al.* | | |

:

Initials of Preparer